**NOT FOR PUBLICATION**_____

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

JAYSHRI MEHTA,              :
                                       :         Civil Action No. 05-803
              Plaintiff,      :         Hon. Faith Hochberg, U.S.D.J.
                                         :
                                         :         **OPINION**
vs.                              :
                                         :         October 27, 2005
                                         :
JO ANNE B. BARNHART,      :
Commissioner of Social Security,   :
                                         :
             Defendant.     :
_____:

**HOCHBERG, District Judge.**

       This matter is before the Court upon Plaintiff's motion to review a final determination of the Administrative Law Judge, pursuant to 42 U.S.C. § 1383(c)(3).  Plaintiff appeals the denial of Social Security Disability Insurance Benefits.  The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Court will affirm the ALJ's denial of benefits.

**I.       Background**

       The Plaintiff, Jayshiri Mehta, moved to the United States from India in 1984, and became a citizen in 1996.  She worked as a solderer of electronic parts for nine years until 1996, when she stopped working due to pain in her hands, knees and joints.  In June of 1996, Plaintiff moved to India where she received treatment from Dr. A.I. Upadhyay for her osteoarthritis and was prescribed painkillers.  Plaintiff testified that she saw the doctor every two or three months while in India.  Plaintiff returned to the United States in 1999 and remained until September 2001, but

did not seek medical treatment for her osteoarthritis during that two-year duration.  She then

lived in India from September 2001 until January of 2003, when she finally returned to the

United States.  Since returning to the United States in January of 2003, Plaintiff has been treated

by a physician on a regular basis.

Plaintiff filed for Social Security Disability Insurance Benefits on February 14, 2004.  At

the time, she was fifty-three years old and had completed three years of a college in India.   She

was insured for disability benefits through December 31, 2001, but not thereafter.  Plaintiff

alleged that she became disabled on June 20, 1996 ("alleged onset date") as a result of

osteoarthritis of her hands, knees and joints.  Her application was denied initially and on

reconsideration.  Administrative Law Judge ("ALJ") Richard L. Desteno then denied Plaintiff's

claim for benefits on August 13, 2004, following a hearing held on April 20, 2004.  The Appeals

Council denied review on December 10, 2004.

Following the denial of her appeal, Plaintiff filed the instant complaint in this Court on

April 11, 2005.  Plaintiff, a 4'2" female weighing 90 pounds, alleges that as a result of her

osteoarthritis, she can only lift three to four pounds for a short-period of time, stand for 30 - 45

minutes at a time, and walk for only two to three blocks at a stretch (Tr. 90-92).  The only

medical evidence to support Plaintiff's disability claim is a general statement of a diagnosis of

osteoarthritis of the hands and knees made by Dr. Upadhyay from India [1] (Tr. 71-73).  These

statements, however, were not accompanied by x-rays, MRI's or any other objective medical

testing.  The Social Security Administration ("SSA") worksheet reveals that the agency

---

[1] Dr. Upadhyay's letter dated February 18, 2003, states that Plaintiff was under his treatment and observation for osteoarthritis in her right knee from September 20, 2000 to January 30, 2003, and was prescribed anti-inflammatory medication.  Dr. Upadhyay's second letter dated May 28, 2003, states that Plaintiff was under his treatment and observation for osteoarthritis of both knees, hands and joints from June 1996 to December 2001, and was prescribed various anti-inflammatory medications and underwent physiotherapy.

attempted to contact Dr. Upadhyay for additional information, but the doctor did not respond to their request (Tr. 74).  In addition, Nora McEachin, the SSA employee who assisted Plaintiff with her application, observed that Plaintiff exhibited no problems with sitting, standing, walking, using her hands, or writing (Tr. 47 - 48)

At Plaintiff's request, the record remained open after the April 20, 2004 hearing until May 20, 2004, and then until June 18, 2004, and finally until July 16, 2004, for the submission of medical records from the relevant time period.  Plaintiff, however, failed to produce any medical evidence, and the record was closed.  The ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act, at any time through December 31, 2001, the date her insured status expired.

Plaintiff makes two arguments in support of reversal or remand of the ALJ's decision to deny her social security benefits.  First, Plaintiff argues that her claim of disability based upon osteoarthritis is not groundless and should not have been disposed of by the ALJ at step two of his analysis.  Plaintiff's second argument is that the ALJ could have written to Plaintiff's treating physician asking for diagnostic documentation or the ALJ could have ordered a consultative examination and requested the x-rays or CT scans that he sought to substantiate Plaintiff's disability claims.

## II.    Standard for Finding of Disability

An individual may be entitled to Social Security Benefits upon a finding of disability demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as

3

"an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that she is not only unable to do her previous work, but cannot, considering her "age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner of Social Security ("Commissioner") uses the following five-step analysis to determine whether an individual is disabled:

Substantial Gainful Activity.  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

Severe Impairment.  If there is no substantial gainful activity, Plaintiff must then demonstrate that she suffers from a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment.  If Plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. § 404, Subpart P or is equal to a Listed Impairment.  If the individual has such an impairment, the Commissioner will find the individual disabled.

Past Work.  If the individual does not have a listed impairment, the fourth step is to determine whether, despite her impairment, the individual has the residual functional capacity to

4

perform her past relevant work.  Residual functional capacity is defined as what the claimant can still do despite her limitations.  20 C.F.R. §§ 404.1545(a) and 416.945(a).  If she does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R.  §§ 404.1520(f) and 416.920(f).

Other Work.  Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if she can do any other work.  If she cannot perform other work, the individual will be found disabled. 20 C.F.R. §§404.1520(g) and 416.920(g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof.  *Wallace v. Sec'y of Health and Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant bears the burden of production and persuasion through the first four steps; however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work and that jobs which the plaintiff can perform exist in substantial numbers in the national economy.  *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).   If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

## III.    Standard of Review

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the ALJ to determine whether the administrative record contains substantial evidence for such findings.  *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  A decision concerning

5

disability benefits must be upheld by the Court if an examination of the record reveals substantial evidence supporting the ALJ's conclusion.  42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla of evidence; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion.  *Alexander v. Shalala*, 927 F. Supp. 785, 791 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). "The ALJ's responsibility is to analyze all evidence and to provide adequate explanations when disregarding portions of it." *Snee v. Sec'y of Health and Human Servs.*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolski v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Gober v. Mathews*, 574 F.2d 772, 776 (3d Cir. 1978)).

IV.   **Analysis**

   A. ALJ's Decision

In reaching the determination that Plaintiff was not entitled to disability benefits, the ALJ concluded that Plaintiff's alleged osteoarthritis of her hands, knees and joints was not "severe" under the Social Security Act, at any time through December 31, 2001, the date her insured status expired.

At step one, the ALJ determined that Plaintiff had not participated in substantial gainful activity since the alleged onset date, which was supported by Plaintiff's own testimony (Tr. 90). At step two, the ALJ found that Plaintiff's osteoarthritis was not a "severe" impairment  prior to the expiration of her insured status within the meaning of 20 CFR 404.1520(c) because it did not

6

significantly restrict Plaintiff's ability to perform basic work activities.  The record contained no documented, objective evidence of an impairment or combination of impairments which would have had more than a slight or minimal effect on Plaintiff's ability to perform basic work-related functions on or prior to December 31, 2001.  The ALJ cited 20 CFR 404.528(b) which states that a Plaintiff's own statements without medical evidence are not enough to establish a physical impairment.  The ALJ further relied on 20 CFR 404.1512(c), which states that it is the Plaintiff's burden to provide medical evidence showing that she has an impairment and how severe it was during the alleged period of disability.  Even Dr. Upadhyay's statements do not establish that the impairment had greater than slight or minimal effect on Plaintiff's ability to perform basic work activities.  Based on the aforementioned facts, the ALJ concluded that Plaintiff's osteoarthritis was not a severe impairment under step two of the analysis because it was not supported by objective medical evidence.  Accordingly, the ALJ concluded that Plaintiff was not under a "disability" at any time through the date her insured status expired.

     B. Plaintiff's Arguments for Reversal or Remand

With respect to Plaintiff's first argument that the ALJ erroneously disposed of Plaintiff's disability claim based on Plaintiff's osteoarthritis at step two of his analysis,  Plaintiff failed to provide any objective medical evidence to support her disability claim.  It is Plaintiff's burden to establish that her impairments are severe under step two of the analysis.  Plaintiff, however, has not met her burden.

The ALJ provided an articulated basis for accepting or rejecting probative evidence, enabling this court to conduct our substantial review.  *Walton v. Halter*, 243 F.3d 703 (3d Cir. 2001).  Plaintiff's own description of physical or mental impairment is not enough to establish disability.  *Green v. Schweiker*, 749 F.2d 1066, 1068-9 (3d Cir. 1984); 20 C.F.R. § 404.1528(a).

7

Plaintiff has the burden to provide objective medical evidence showing that she has an impairment and the severity of such impairment.  20 CFR 404.1512(c), 20 CFR 404.1529(b), SSR 96-3p, and SSR 96-4p.  Plaintiff does not meet the statutory definition of disability because she has failed to submit objective medical tests to show that her medical condition and residual capabilities satisfy the Social Security regulations.  Substantial evidence supports the ALJ's finding.  The record is devoid of any evidence from a physician to suggest that the impairments alleged by the Plaintiff were actually disabling.  The only evidence introduced to support Plaintiff's claim is her own testimony and two letters allegedly written by a doctor from India indicating that Plaintiff was under his treatment for osteoarthritis.  Plaintiff's own statements without objective medical evidence, however, are not enough to establish a physical impairment. 20 CFR 404.528(b).

Dr. Upadhyay's two letters do not satisfy the standard of objective medical evidence for several reasons.  First, the authenticity of the letters has never been confirmed.  The agency attempted to contact the doctor with no success, and the ALJ kept the record open for three months after the actual hearing to allow Plaintiff the opportunity to produce Dr. Upadhyay's medical records, but that too was unsuccessful.  Second, as the ALJ correctly pointed out in his Decision, Dr. Upadhyay's letters do not refer to any laboratory findings established by medically acceptable clinical or laboratory diagnostic techniques, and they do not describe the degree or scope of Plaintiff's osteoarthritis.[2]  Thus, the ALJ concluded that the record was devoid of any objective medical evidence supporting Plaintiff's disability claim.

The mere presence of a disease or impairment such as osteoarthritis does not result in a finding of disability under the Social Security Act without objective medical evidence indicating that the impairment creates functional limitations that preclude the performance of any substantial gainful activity.  *Capoferri v. Harris*, 501 F.Supp. 32, 36 (E.D. Pa 1980), *aff'd* 649 F.2d 858 (3d Cir. 1981) (holding that the presence of a disease alone, without evidence that it

---

[2] See *supra* note 1

prevented applicant from engaging in any substantial gainful employment, does not establish disability under the Act).  Plaintiff has failed to provide any such objective medical evidence.

Plaintiff's second argument is that the ALJ could have written to Plaintiff's treating physician asking for diagnostic documentation or the ALJ could have ordered a consultative examination and requested the x-rays or CT scans that he sought to substantiate Plaintiff's disability claims.  The ALJ is not responsible for gathering objective medical evidence to satisfy Plaintiff's burden at step two of the analysis.  The only medical evidence Plaintiff provided to support her disability claim was a general unconfirmed statement of a diagnosis of osteoarthritis of the hands and knees made by Dr. Upadhyay from India, which was not accompanied by x-rays or any other objective medical evidence.  The ALJ granted Plaintiff's request three times for the record to be left open so that Plaintiff could contact the doctor for additional information.  In addition, the agency attempted to contact the doctor as well.  The Plaintiff acknowledged that she "must provide medical evidence about [her] disability" (Tr. 37), demonstrating her awareness that Social Security regulations place the burden on the Plaintiff to provide sufficient objective medical evidence to establish that an impairment is severe under the Act.  *See* 20 CFR 404.1512(c), 20 CFR 404.1529(b), SSR 96-3p, and SSR 96-4p.

Plaintiff's reliance on *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541 (3d Cir. 2003) and *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357 (3d Cir. 2004), is misplaced because the facts of those case are clearly distinguishable from those presented before the court in this case.  In *Newell* and *McCrea*, Plaintiffs claimed that their impairments were severe under the Act and submitted medical expert testimony from treating physicians along with clinical and laboratory findings that supported their alleged disabilities.[3]  Here no objective medical evidence supports the alleged impairment or any resulting functional limitations.  Based on the aforementioned reasons, Plaintiff's arguments are unsubstantiated and without merit.

---

[3] In *Newell*, evidence included statements from treating physicians stating the exact functional limitations caused by the impairments and the results of an electromyogram.  In *McCrea*, Plaintiff submitted an MRI and an x-ray that supported her alleged disability and the record also contained an opinion of a treating physician that was consistent with Plaintiff's alleged functional limitation as a result of her disability.

9

**V.      Conclusion**

        In reviewing the ALJ's opinion, the parties' briefs, and the evidence in the record, this
Court determines that the ALJ had substantial evidence for his determination at step two that
Plaintiff's osteoarthritis was not "severe" as defined by the Social Security Act.  For the reasons
stated in this Opinion, the ALJ's decision is supported by substantial evidence in the record and
is affirmed.  An appropriate order will issue.


_____      /s/ Faith S. Hochberg
                                            Hon. Faith S. Hochberg, U.S.D.J.